## SMITH, Plaintiff-Appellant, v. WARREN (City), Defendant-Appellee.

Ohio Appeals, Seventh District, Trumbull County.

No. 1216.   Decided March 29, 1950.

Sieman, Sieman & Sieman, Warren, for plaintiff-appellant.
Mark Williams, City Solicitor, Warren, for defendant-appellee.

### OPINION

By PHILLIPS, PJ.

In this opinion plaintiff-appellant will be called plaintiff, and defendant-appellee will be designated as defendant.

On August 25, 1947, and subsequent thereto, plaintiff, a Grade B draftsman in the water department of defendant city, a municipal corporation, sued defendant to recover money deducted and withheld from his salary during the years 1932 through 1938.

Defendant contended inter alia in the court of common pleas, and contends here, that the statute of limitations began to run against plaintiff's action from the date that deductions, or withholdings, were made from his salary, of which he had knowledge; that having failed to commence his action within the limits of such statute it has run against him; and by answer generally denied each and every other fact stated,

averment made and allegation set forth in plaintiff's petition.

By reply plaintiff generally denied all affirmative matters alleged in plaintiff's answer.

The jury returned a verdict for defendant, upon which the trial judge duly entered judgment. Plaintiff appealed from that judgment to this court on questions of law, and assigns sixteen grounds of error, which with subdivisions total, if we have added correctly, twenty-one assignments of error. Some of such errors will be combined and disposed of as one error.

In April 1932 defendant's general fund was depleted substantially; but the Department of Water thereof had sufficient money to pay plaintiff's salary.

In May 1932 plaintiff, and other employees of the Water Department of defendant city, signed an agreement authorizing defendant to deduct one-eighth of their salary each month, and to deposit it to defendant's general fund, which was done during the years 1932 through 1938.

Plaintiff contends that such deduction was to be made only during the balance of the year 1932, and that by a contemporaneous oral agreement with defendant it was to repay the total amount of such deduction "when the period of financial stringency of the City of Warren, and its general fund, was removed," which defendant denies.

Both parties introduced evidence in an attempt to support their contentions and allegations of their respective pleadings, which evidence it is not necessary to recite in detail. Reference thereto will be made only as it is essential to do so to dispose of the assignments of error and understand the questions presented for our consideration and determination.

By his second assignment of error plaintiff contends that the trial judge erred to his prejudice "in permitting ordinances and evidence pertaining to wage cuts of other, city department employees and elected officials"; and "in permitting the defendant's witness to state that a certain 'plan' was entered into between the city and the employees and in reference to 'whether the city employees expected to be repaid.'"

The evidence with reference to this assigned ground of error is voluminous, and the argument of plaintiff's counsel lengthy. We cannot make any reference thereto and keep the length of this opinion within reasonable bounds, which we are determined to do though disposing of twenty-one assigned grounds of error; and which opinion would not be written were it not that counsel for plaintiff insist that an

opinion be written in this case, and that each of their numerous assigned grounds of error be answered. We content ourselves with the terse statement that we find no error prejudicial to plaintiff in the introduction of the evidence of which he complains in this assigned ground of error.

In his third assignment of error plaintiff contends:—

"The defendant purposely made reference to the alleged fact that breadlines were in existence in 1932, and that W. P. A. was in effect, which had no bearing whatsoever upon the issues in the case, but was merely injected to prejudice the jury, and attempt to have them recollect bad times and thereby create a 'fog' as to the issues in the instant case. (R. 96 & R. 227).

"Counsel for defendant likewise was permitted to inject into the case that the refund given in the year 1934 of the wages that were withheld from the employees, by an ordinance passed by the City, was a Christmas gift, there being no evidence in support thereof, and no theory in which such question or answer was material.

"This was purely injected for prejudicial purposes."

Having studied this assigned ground of error carefully we conclude that we cannot reverse the judgment of the trial judge for that reason on the grounds assigned by plaintiff's counsel.

The trial judge permitted defendant to introduce evidence that the parking meter fund was abolished in 1948. Plaintiff contends that the introduction of this evidence was prejudicial to him, and constituted reversible error since it concerned a matter which happened after he filed his lawsuit in 1947; and "could only accomplish prejudice by attempting to create an inference that money never was transferred from the parking meter fund to the general fund for city use."

The trial judge did not err to plaintiff's prejudice as charged in this assigned ground of error.

Plaintiff argues by brief:—

"The defendant's attorney attempted to bring to the attention of the jury alleged statements that the plaintiff was called for jury duty for his own case; that he truely was a resident of Columbus, Ohio at the time, all of which was used for prejudicial purposes to attempt to create in the minds of the jury that the plaintiff wasn't a resident of the county, tried to be a juror in his own case, with the attempted inference that the plaintiff was careless with the truth. This error was very prejudicial to the rights of the plaintiff, since it may have created a doubt in their minds of the truth and veracity of his testimony. This testimony had no place what-

soever in the lawsuit and we cannot speculate as to what effect it had upon the jury, except that we can presume that it had an adverse effect. Naturally, the evidence clearly showed that such allegations set up by the defendant were not true, but the impressions created by the defendant's evidence still lingered in the minds of the jury and prejudiced him. (R. 240, 242, 337, 338, 339)."

We find no error in plaintiff's fifth assignment of error prejudicial to plaintiff in the introduction of such testimony.

In his sixth assignment of error plaintiff contends:—

"The court erred in R. 303 in permitting the introduction of indiscriminate records covering the financial transactions of all of the departments of the city without restricting said exhibits to the facts pertinent to the Water Department claim, the introduction of such exhibits created confusion and misled the jury."

We find no merit in this assignment of error.

Just as plaintiff claims he was prejudiced by the introduction of evidence, so he claims he was prevented "from having a fair and complete trial" by the exclusion of evidence he offered concerning the bonded indebtedness of defendant city from 1932 to 1943 as bearing upon the close of its "financial stringency"; and evidence with "reference to the balances in the general fund and transfers from other funds of the city through the period subsequent to the year 1944," for the purpose of "reflecting when the financial stringency of the city had passed (R. 160 and 161)."

Likewise, under this assignment of error, he contends that the trial judge erred to his prejudice "as to the understanding that the money was to be repaid"; for the reason that "if the plaintiff signed the assignment relying upon the contemporaneous promises that he was to be repaid money deducted, he should be permitted to state what his understanding was when he signed the paper, and depriving him of this right prejudiced him in an integral part of the lawsuit."

In support of this assignment of error plaintiff argues that the trial judge erred to his prejudice in rejecting his "testimony that he did not sign the assignment voluntarily"; for the reason that "since it was brought out by the plaintiff in evidence, and alleged by the plaintiff that coercion and duress, at least of a constructive nature, was exercised to obtain withholdings of the plaintiff's salary, evidence as to whether or not such instrument was signed voluntarily or involuntarily is vital to the issues of this case and should have been submitted to the jury."

The evidence upon which this assignment of error is bottomed, like the evidence on all of the other assigned grounds of error, is so voluminous that we can not make reference to it other than that made supra, and control the length of this opinion. We conclude that the trial judge did not err to plaintiff's prejudice as urged in this assigned ground of error.

Plaintiff contends in his eighth assigned ground of error that "the contract of the parties was comprised both of written and oral agreements"; and that the trial judge erred to his prejudice in permitting defendant "throughout the lawsuit to confine the contract between the plaintiff and defendant to merely the alleged written assignment, known as defendant's Exhibit A, which covered the period of May 1, 1932, through January 1, 1933," when "the evidence discloses, however, that the real contract between the parties covered the period of May 1932 through the year 1937."

The law governing this assignment of error is settled, and well known, making a re-announcement thereof unnecessary. The evidence is such as to lead us to conclude that the trial judge did not err to plaintiff's prejudice in the respects urged in this assignment of error.

In his ninth assignment of error plaintiff says:—

"The words 'do hereby give, assign, transfer and deliver,' contained in the purported assignment, defendant's Exhibit 'A,' do not constitute a bar to a recovery by the plaintiff, and when considered in the light of the contemporaneous oral agreements, representation, promises and understandings that the deductions would be repaid, and the subsequent ordinance actually repaying a portion thereof, definitely show that a loan with expectation of repayment, rather than an outright gift, was contemplated, intended and consummated."

With reference to this assignment of error his counsel argues:—

"The City, in its Exhibit A, covering the period of time limited to May 1, 1932 through January 1, 1933, made mention of the word 'gift,' in such assignment, and throughout the trial, the defendant contended that if that were true, the plaintiff was not entitled to recovery. Upon considering the evidence, the fact remains that when the Exhibit A, 'the alleged assignment,' was signed, contemporaneous thereto, the duly authorized officials, Councilmen and employees as an inducement to obtaining said signatures, represented definitely that the money withheld would be repaid, when the financial stringency of the City was over.

"Therefore, the theory propounded by the defendant that

it was a 'gift' is inconsistent therewith; the fact that the plaintiff and the employees protested vociferously on many occasions likewise rebutts any inference or contention that an outright gift was made or contemplated."

It is difficult to be sure what error of the trial judge is claimed by this assignment, but we assume, and will decide accordingly, that it refers to the fact that the trial judge permitted defendant's Exhibit A to be introduced in evidence, in the introduction of which we find no error.

In his tenth assignment of error plaintiff contends that defendant city could not withhold, nor reduce, his salary with, or without, his consent, except by a duly enacted ordinance, which the evidence discloses was not passed, especially when he was, as the evidence discloses, a civil service employee; and that the act of the defendant city around which the case we review revolves was illegal and against public policy.

As disclosed by the evidence, there is no doubt but that defendant agreed to the deduction from his salary for the purposes stated. Under the law and evidence submitted the number of such deductions, and whether they were to be repaid by the defendant, presented questions for the determination of the jury, with whose verdict we will not interfere. There is no evidence that plaintiff's salary was reduced, thus making inapplicable his argument that his salary could not be reduced without his consent; and we find no merit in his argument that a portion thereof could not be withheld with his consent.

In his eleventh assigned ground of error plaintiff contends that the trial judge erred to his prejudice in holding that the six year statute of limitations applied to his action filed in the court of common pleas, for the reason that "the legal principle of equitable estoppel is established and the city is estopped to set up" that defense because of "the promises of the City Council, Mayor, Safety Director, public officers and employees, that the deductions would be paid back when the financial stringency passed"; and because by passing an ordinance authorizing payment of such deductions, some of which were paid thereunder, that defendant city represented that future ordinances would be passed and payments made thereunder."

There is no error prejudicial to plaintiff in the holding of the trial judge, as urged in this assigned ground of error.

In his twelfth assigned ground of error plaintiff contends that the promises to which reference is made in his eleventh assigned ground of error "stopped the running of the statute of limitations until the time and date when the city was in

financial condition to pay the deducted wages," which he claims was in 1943, and in which we find no merit.

In his thirteenth assigned ground of error plaintiff argues that the statute of limitations began to run in 1943, because plaintiff was · prevented from bringing an action earlier "by reason of lulling him into security by misrepresenting to him that he would be paid when the financial stringency had passed, the city took advantage of the plaintiff thereby and cannot be permitted in court to set up the defense of the statute of limitations."

We find nothing in the evidence submitted to us preventing plaintiff from commencing the action he did commence in the court of common pleas at a date earlier than he did. We find absolutely no foundation for the statement that he was lulled "into security by misrepresenting to him that he would be paid when the financial stringency had passed"; and that "the city took advantage of the plaintiff thereby, and cannot be permitted in court to set up the defense of the statute of limitations."

By assignment of error fourteen plaintiff contends that the "acts of city officials, employees and council created an implied contract, and acts of city officials, employees and council were ratified by the passing of ordinance number 2715, representing two weeks salary"; and that the city is liable under implied contract "and ratified the acts of its officials, employees and council."

The evidence discloses that council of defendant city by such ordinance numbered 2715 paid to plaintiff a portion of his withheld salary. Plaintiff contends "the city and council by said act by passing said resolution and ordinance acknowledged and recognized the fact that the city was obligated to repay a portion of the salary deducted and implied by said act that further ordinances would be passed in the future to refund further sums of money withheld and deducted from the plaintiff's salary." We find no merit in this assigned ground of error.

We will not attempt to enumerate the numerous respects in which plaintiff contends he was prejudiced by the argument of counsel for defendant, which he contends "was calculated to excite passion and prejudice," except to quote the following excerpt from the argument of plaintiff's counsel made to the jury:—

"Even though he received 25% deduction, he still was making more money than when the W. P. A. was in existence; and if you recall the needs of '32, '33, the principal occupation we had was selling apples on the corner. * * *

"And I have no doubt when you go into the jury room you are not going to forget the experience that you had to undergo in 1932, '33, and those years that were very, very bad years, when conditions were changed by the creation of the W. P. A. * * * That he was getting more money even if he got a 25% reduction, 25% of $170 is about $40; he was still getting more money than W. P. A. You have a right to recall those times, and I think many of you do; and I think you do, Mr. Brobst, when that particular period was on, if you were driving truck, you know the conditions in existence at that time; you do, Mr. Mowbray. Now all I am asking is to go in and not throw your experience out of the window; but apply your experience in this particular case as enunciated by different witnesses. * * *"

We have considered the contents of the voluminous bill of exceptions submitted to us for review carefully. If we were sure that such argument was not in answer to the argument of plaintiff's counsel, which is not before us, we might conclude that it was so prejudicial to plaintiff's rights as to warrant a reversal of the judgment of the trial court. Accordingly, and assuming, as we must in absence of knowledge to the contrary, that the trial judge, who heard the arguments of counsel for the respective parties, and all the testimony, and considered all the evidence introduced, discharged all the duties owed to the respective parties and their counsel, we cannot reverse the judgment of the trial court for any of the reasons urged in this assigned ground of error.

By assignment of error fifteen plaintiff contends that the trial judge erred to his prejudice in failing and refusing "to read the pleadings to the jury or to define the numerous issues presented thereby" in his general charge to the jury; and to clarify for the benefit of the jury "that deductions made from plaintiff's pay, without the passage of a salary reducing ordinance, even if attempted as a gift or donation, were contrary to law, contrary to public policy, and invalid at the outset"; in failing "to charge the jury on the issues of duress and coercion charged by plaintiff, and substantiated by the evidence"; by commenting and expressing his opinion on the evidence; by failing to refer to any of the "affirmative defenses set out in plaintiff's petition and reply"; by confusing and misleading the jury "by unduly emphasizing inadmissible claims in defendant's" answer and charging "bad law"; by presenting to the jury the question of waiver and relinquishment of plaintiff's rights by his acts; by refusing to charge the jury that "if the evidence showed a promise by the city to the plaintiff that he would be paid in the future if he

forebore suit, that could effect an extension of the Statute of Limitations" to charge "that fraud or duress may be constructive as well as express"; and to charge the jury "what the rate of interest should be"; and that there are "numerous other errors of omission and commission apparent upon the face of the record in the court's charge without the necessity of our specifically pointing same out herein."

Like plaintiff's counsel, we will not "specifically" state our reasons for concluding that the trial judge did not err to plaintiff's prejudice in the respects urged in this assignment of error. The well considered charge speaks for itself.

We have read the voluminous bill of exceptions submitted to us for review, and the verdict of the jury and judgment of the court entered thereon are sustained by sufficient evidence, and are not "contrary to the manifest and greater weight of the evidence."

Having disposed of plaintiff's twenty-one assigned grounds of error, and the argument of his counsel contained in his fifty-three page brief and sixteen page reply brief filed in his appeal in this court from the judgment of the trial court entered in a case well tried, and in which the issues were so simple as to make the task of disposing of so many assignments of error not only unnecessary but extremely burdensome, we affirm the judgment of the court of common pleas.

NICHOLS, J, CARPENTER, J, concurs in judgment.